Derek KING, Plaintiff,

v.

**STANISLAUS CONSOLIDATED FIRE PROTECTION DISTRICT,
Defendant.**

No. CIV. S–96–1735–PAN.

United States District Court,
E.D. California.

Nov. 7, 1997.

Richard K Critchlow, Critchlow and Diskint, Greenbrae, CA, for Plaintiff.

Adam Curtis Brown, Law Offices of Adam C Brown, Sacramento, CA, for Defendant.

NOWINSKI, United States Magistrate Judge.

Plaintiff Derek King was an unsuccessful applicant to defendant Stanislaus Consolidated Fire Protection District ("SCFPD") for a job as fire engineer. Plaintiff alleges he was not selected because of racial discrimination. Plaintiff seeks damages and injunctive relief for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the California Fair Employment and Housing Act ("FEHA"), Cal Govt.Code § 12900, and for intentional infliction of emotional distress.

The following facts are not genuinely disputed.

■ In 1995 SCFPD solicited and obtained 80 applications for the job King sought. SCFPD's job announcement stated it was "sincerely interested in receiving ap-plications from minorities, women and individuals with disabilities." King was the only black applicant. He was then 29 years of age and previously worked for the Detroit Fire Department. SCFPD considered 54 applicants who ostensibly met the minimum qualifications, including King. King passed a physical agility test scored on a pass or fail basis. In August 1995 panels of three fire department captains interviewed King and the other applicants. King appeared in a casual shirt, shorts and shoes without socks. The panel found King "well-qualified" but ten applicants had higher scores; some of these were rated "outstanding ." These ten were interviewed by the chief who selected a white male who was serving as a volunteer firefighter for SCFPD and was rated outstanding. Defendant's job announcement stated that all candidates must pass a "job-related background and reference check." Plaintiff stated on his application to SCFPD that he left the Detroit Fire Department to begin a private commercial venture. Later SCFPD learned that plaintiff had been arrested for possession of marijuana, that subsequently he was required to submit to drug testing, that two to three months after his arrest, sometime in December 1993, plaintiff tested positive for using marijuana and was suspended for one week, that in September 1994 plaintiff left his employment in Detroit without notice, that the Detroit Fire Department then rated plaintiff unsatisfactory in nine of nine identified categories (e.g., quality of work, cooperation, judgment, reliability) and determined that he was ineligible to be rehired. King disclosed none of these facts on his application form, which warned that any omission of material fact might result in denial of employment or discipline, including dismissal, after employment. King also failed to disclose any of these facts during his oral interview. The information King omitted in fact disqualified him for the position he sought.[1]

---

1. Plaintiff contends that the declaration of Russell D. Richards, III about the hiring process and the absolute qualifications for the job is not admissible for lack of demonstrated personal knowledge. Personal knowledge and competence to testify reasonably may be inferred from an affiant's position and the nature of his partic-ipation. *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir.1990). Richards was the fire chief and made the hiring decision. I infer that he had personal knowledge of the hiring process and the minimum qualifications for the position. Plaintiff has offered no contrary evidence. Plaintiff also objects to the admission of

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. *Id.* If the opposing party bears the burden of proof upon an issue, the movant's burden is discharged by "pointing out to the district court ... that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The opponent must then present affirmative evidence sufficiently probative such that a jury reasonably could decide the issue in favor of the opponent. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogato-ries, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## Discussion

Plaintiff contends he was victimized by disparate treatment and disparate impact.

■ Disparate treatment exists when an employer treats some people less favorably than others because of their race or other protected characteristic. Disparate treatment claims under Title VII and the FEHA are analyzed under the same rules. *Mixon v. Fair Employment & Housing Comm.*, 192 Cal.App.3d 1306, 1316–17, 237 Cal.Rptr. 884 (1987).

Plaintiff establishes a prima facie case and a rebuttable presumption of disparate treatment by showing he belongs to a racial minority, he applied for and was qualified for a position for which defendant sought applications, he was rejected, and defendant considered applications from others with similar qualifications. *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2] Defendant may rebut the presumption by showing legitimate, nondiscriminato-

his job evaluation by the Detroit Fire Department. Declaration of Adam C. Brown, Exhibit I. Richard Stein authenticated the document. *See* Fed.R.Civ.P. 32 and Declaration of Adam C. Brown. Stein is the Deputy Fire Commissioner of the Detroit Fire Department. He testified he was responsible for reviewing all evaluations, that he had reviewed plaintiff's evaluation and that he agreed with the evaluation. The evaluation is admissible to support defendants claim that plaintiff could not have passed the required "reference check," not for the truth of the opinion therein expressed that plaintiff was deficient in overall ability to perform, quality of work, quantity of work, versatility, interest in work, cooperation with supervisors, judgment, reliability and physical condition.

2. The instruction of *McDonnell Douglas* is clear and explicit. "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This *may* be done by showing (i) that he belongs to a racial minority; (ii) *that he applied and was qualified* for a job for which the employer was seeking applicants; (iii) that, de-spite his qualifications, he was rejected; and (iv) that after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824 (emphasis added). The Supreme Court did *not* instruct that plaintiff may establish a prima facie case by showing he was "apparently qualified" or "arguably qualified" or anything less than "qualified" in fact. I assume the Court chose its words carefully and meant what it said *viz.* that if the plaintiff does not show that he was qualified for the position he sought then he cannot depend on the *McDonnell* inference. *See Gilty v. Village of Oak Park*, 919 F.2d 1247, 1251 (7th Cir.1990) (describing the *McDonnell Douglas* elements as a "quasi-standing" test). It makes no sense to place a burden of justification upon an employer in a case in which the plaintiff was not in fact qualified for the job and must ultimately fail because whether or not there was discrimination plaintiff could not have been harmed by it.

ry reasons for its decision. *Id.* at 802, 93 S.Ct. at 1824. Once defendant meets this burden, the presumption disappears and plaintiff bears a burden of producing specific, substantial evidence that defendant's proffered reason was pretextual, i.e., that the reason given was false and that discrimination was the real reason. *St. Mary's Honor Center v.. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Plaintiff contends that he has satisfied the *McDonnell Douglas* prima facie case. Defendant argues that plaintiff has not established a prima facie case because he was not qualified for the position he sought. Alternatively, defendant contends that there were legitimate, nondiscriminatory reasons for its decision and no evidence of pretext.

■ The undisputed facts are that while employed by the Detroit fire department plaintiff was arrested for possession of marijuana, that he kept his job but was required to submit to drug testing while the charge was pending, that plaintiff tested positive for using marijuana and was suspended from work. Declaration of Adam C. Brown, Exhibit A (King's deposition). In September 1994 plaintiff left his employment in Detroit without notice; the Detroit fire department then rated plaintiff unsatisfactory in nine of nine identified categories (e.g., quality of work, cooperation, judgment, reliability) and determined that he was ineligible to be rehired. Brown Declaration, Exhibit I. It is also undisputed that King's written application disclosed none of these facts. Brown Declaration, Exhibit M. Defendant's job announcement warned applicants that they would have to pass a "reference check." Brown Declaration, Exhibit L. The application form that plaintiff submitted required him to certify that the application was complete and warned that omission of material fact might result in denial of employment or

discipline, including dismissal, after employment.[3] Brown Declaration, Exhibit M. Plaintiff also failed to disclose these facts during his oral interview. Declaration of Russell D. Richards, III. It is also undisputed that the information King omitted from his application disqualified him for the position he sought. Declaration of Russell D. Richards, III.

Defendant has proffered the declaration of the SCFPD Chief, Russell Richards, that "[b]ased on [plaintiff's arrest, positive drug tests and resignation without notice] and on the negative evaluation and recommendation of the Detroit Fire Department, the SCFPD would consider the plaintiff unqualified and unfit for the fire engineer position." Plaintiff has offered no evidence whatever to support a finding that he was in fact qualified. Defendant's announcement of the position for which plaintiff applied stated that candidates must pass a "job-related background and reference check." Brown Declaration, Exhibit L. Plaintiff's reference from the Detroit Fire Department was therefore per se disqualifying.[4] The announcement also informed applicants of the need to operate automotive equipment and work effectively with supervisors. Brown Declaration, Exhibit L. Plaintiff's positive drug test (or tests) were uncontroverted and per se disqualifying for driving fire trucks. The. Detroit Fire Department rated plaintiff's performance unsatisfactory in all rated areas including cooperation with supervisors and stated that he was twice suspended during the last 16 months of employment for "narcotics." Brown Declaration, Exhibit I. I note that 42 U.S.C. § 2000e–2(k) provides that a rule barring employment because of drug use is not an unlawful employment practice unless it is adopted or applied with intent to discrimi-

---

**3.** The application form instructed applicants that "[i]t is very important that you present an accurate picture of how your experience qualifies you for employment." It warned applicants that "statements are subject to verification and that any misrepresentation, fraud, or *omission of material facts* may result in denial for District employment." Brown Declaration, Exhibit M (emphasis added)

**4.** Richard Stein, Deputy Fire Commissioner of the Detroit Fire Department, testified in his deposition that the evaluation was completed by Archie Ward, the Chief of plaintiff's department. It was Stein's job to review evaluations, and when asked during the deposition whether he agreed with Ward's recommendation, Stein responded that he was "very comfortable" with it. Deposition of Richard E. Stein.

nate. Plaintiff has also offered no evidence that this was the case.

Plaintiff has failed to demonstrate the prima facie case required by *McDonnell Douglas*. Plaintiff argues that defendant cannot rely upon after-acquired evidence of disqualification to justify its discrimination. But defendant has no burden of rebuttal until plaintiff makes out a prima facie case, which requires adducing evidence that he was objectively qualified for the position he sought. *Gilty*, 919 F.2d at 1251 ("[T]he determination of whether a plaintiff is 'qualified' requires an objective analysis. As such, an employer's knowledge or lack of knowledge is of no relevance at the prima facie stage of the case.");[5] *cf. Norris v. San Francisco*, 900 F.2d 1326 (9th Cir.1990) (information about prior work experience that was not per se disqualifying and that was not known when the employer chose between competing candidates was irrelevant to defendant's attempt to *rebut* plaintiff's prima facie case).

The *McDonnell Douglas* test is not inflexible and is not the exclusive method for establishing a prima facie case; plaintiff may meet his initial burden by offering evidence that he was rejected for employment under other circumstances that give rise to an inference of discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Thus, in *Nanty v. Barrows Company*, 660 F.2d 1327 (9th Cir.1981), the court of appeals found that plaintiff had satisfied *Burdine*. Plaintiff, who is black, was referred by a "job bank" to a prospective employer seeking a truck driver. Despite meeting the objective qualifications, plaintiff was told the position had been filled and was turned away without opportunity to complete an application or be interviewed; two days later the employer hired two white drivers.

Plaintiff argues that even if he has not met the requirements of *McDonnell Douglas*, he has nonetheless established a prima facie case. Plaintiff contends that the subjective criteria used in the hiring process *viz.* the oral interview, combined with the fact there are no blacks employed by the SCFPD, support his prima facie case. In order to establish a prima facie case in this manner, plaintiff must prove by a preponderance of the evidence that he was rejected under circumstances which give rise to an inference of unlawful discrimination. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093.

Here, in contrast to *Nanty*, defendant accepted applications from plaintiff and about 80 others. Defendant solicited applications from minorities. Defendant considered 54 applications, including plaintiff's. Plaintiff was invited to participate in a physical agility test, which he passed. All applicants who passed the agility test, including plaintiff, were interviewed by panels of three fire department captains. Three different panels conducted the interviews. The interviewers were instructed to ask applicants a set of ten standardized questions and nothing more. Plaintiff appeared at his interview wearing a casual shirt, described by one interviewer as a "T-shirt" or "tank top," shorts and shoes without socks. He was asked the same ten questions that were asked of all other candidates. Though plaintiff was rated "well-qualified" for the position, at least ten applicants scored higher.

■ Plaintiff points to several criteria used in SCFPD's subjective evaluation as evidence that the interview process was discriminatory. He complains of being downgraded for attire, for his failure to provide documentation of his prior experience and for his failure to take initiative by visiting the station beforehand to explore the working conditions. Use of these factors to evaluate plaintiff does not raise an inference that the process was discriminatory, but the opposite. Such criteria are typical and reasonable factors an employer might use in evaluating candidates, and the fact plaintiff complains

---

**5.** In *Gilty* plaintiff, a candidate for police sergeant, told the hiring commission that he had earned degrees he did not have. The court noted that the plaintiff's lies were enough to disqualify him from the sergeant's position. Although plaintiff here did not resort to affirmative misrepresentation, his attempt to cover up his abysmal performance and his drug abuse in Detroit constitutes fraud commensurate with the deception in *Gilty*. An employer is entitled to an honest applicant whom they can evaluate completely, especially when the employer makes it clear what information is required and how important it is that the information be complete.

that they were used to evaluate his candidacy weakens his case rather than strengthens it.[6]

■ Furthermore, plaintiff does not dispute that up to a certain point he was successful in the interview process. Plaintiff passed the first level of screening, passed the required agility test, and was selected for an interview. Despite his deficiencies during the interview, probably as a result of an inaccurate picture of his prior job experience, he nonetheless received a score of 80.3 and a rating of "well qualified." The fact that ten other people in a pool of 80 candidates received higher scores is not enough to raise an inference of discrimination.

■ Plaintiff also contends that the absence of blacks in the SCFPD contributes to an inference of discrimination. Plaintiff has not successfully called into question the subjective selection process, and his statistical evidence, standing alone, is not enough to establish a prima facie case. *See Diaz v. American Telephone & Telegraph*, 752 F.2d 1356 (9th Cir.1985) (holding that statistical evidence may be sufficient to establish a prima facie case, but acknowledging that at times it is not sufficient and is then probative of pretext). Here, plaintiff was the only black applicant in a pool of 84, and he has presented no evidence that previous applicant pools contained any black applicants. This limited data does not raise any inference that the lack of black employees is a result of racism.

■ In any event, regardless of whether plaintiff has established a prima facie case, defendant has advanced legitimate, non-discriminatory reasons for not hiring him and he is unable to demonstrate the existence of a genuine issue of material fact regarding pretext. Defendant's evidence that plaintiff presented himself with little distinction in his job interview is unrefuted. Plaintiff also has not contested that the applicant eventually hired was well-qualified for the position, and his experience included time as a volunteer for the SCFPD, employment as an Emergency Medical Technician and education in Fire

Science. Supplemental Declaration of Russell D. Richards, III, Exhibit P. In response, plaintiff has tendered *no* evidence of pretext, other than to indicate that the hiring process is subjective and that the district employs no blacks. This is not enough to meet plaintiff's burden.

Therefore, defendant is entitled to summary judgment on plaintiff's disparate treatment claims under Title VII and the FEHA.

■■ Plaintiff also claims relief for disparate impact, *viz.* that he was the victim of facially neutral employment practices that fall more harshly on blacks and cannot be justified by business necessity. 42 U.S.C. § 2000e(2)(k); *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). Disparate impact claims under Title VII and FEHA are likewise analyzed under the same rules. *City and County of San Francisco v. Fair Employment and Housing Commission*, 191 Cal.App.3d 976, 236 Cal. Rptr. 716 (1987).

There are no blacks employed by the SCFPD. Plaintiff maintains that "the entire decision making process used by SCFPD involved a complex web of procedures calculated to maintain the status quo," and specifically that "it consisted of a subjective oral interview conducted by Caucasian higher-ups who knew each other since childhood and favored insiders and previously selected volunteers over those previously employed as fire fighters who did not have the advantage of developing cozy relationships with individuals at the SCFPD prior to the application process."

■ A plaintiff who fails to establish that he was eligible for the position sought lacks standing to sue under Title VII on a disparate impact claim. He cannot claim that he was injured, much less affected, by an employment practice with an allegedly disparate impact. *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661 (7th Cir.1996). As plaintiff has not satisfied this threshold showing, plaintiff is entitled to summary judgment upon plaintiff's disparate impact claim.

---

6. Plaintiff claims that no consideration was given to his experience as a fire fighter and his ability to suppress fires. However, the first thing all

candidates were asked was to "explain their background or experience." Deposition of David Gisler, Exhibit 2.

To prevail upon a claim of intentional infliction of emotional distress, plaintiff must prove that defendant's conduct was outrageous and caused severe emotional distress. *KOVR–TV v. Superior Court,* 31 Cal. App.4th 1023, 37 Cal.Rptr.2d 431 (1995). Plaintiff contends that as he "can prove he was a victim of race discrimination" he likewise proves the requisite outrageous conduct.

Plaintiff has not shown that he was the victim of race discrimination or any other outrageous conduct. Knowing the circumstances of his prior employment, he could hardly have suffered any legitimate disappointment from defendant's selection of another. If there was room for any outrage, it was in defendant's camp. Accordingly, defendant is entitled to summary judgment on this claim as well.

For all of the foregoing reasons, defendant's motion for summary judgment is granted.

It is ordered and adjudged that plaintiff take nothing, that the action be dismissed on the merits, and that the defendant recover its costs of suit.